IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THURMAN HARVEY HINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-439-R |
| ) | |
| JOE ALLBAUGH, et al. ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Thurman Harvey Hines, an Oklahoma prisoner currently housed at the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights by the Director of the Oklahoma Department of Corrections (ODOC) and numerous prison officials employed at OSP. The case has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the following reasons, the undersigned recommends the case be transferred to the United States District Court for the Eastern District of Oklahoma.

**I.    NAMED DEFENDANTS AND CLAIMS PRESENTED**

Mr. Hines has named all defendants in both their official and individual capacities. In addition to naming the Director of the ODOC,[1] Mr. Hines has named the following OSP employees: Mike Carpenter, identified as the Interim Warden of OSP; FNU Cooper, identified as the Deputy Warden of OSP; Genieveve Bartuski, identified as a psychologist at OSP; Tommy Williams, identified as a Lieutenant at OSP; FNU Day and FNU Polk, both

---

[1] The undersigned notes that Joe Allbaugh has recently resigned as Director of the Oklahoma Department of Corrections.

identified as Law Library Supervisors of OSP; Margaret Green, identified as Unit Manager at OSP; and Susan Channon, identified as Case Manager at OSP.

Mr. Hines claims generally that his constitutional rights have been violated in that OSP defendants have failed to protect him from threats of violence; he has been deprived of adequate clothing, hygiene products, cleaning supplies and laundry services; his rights to free speech and to access the courts have been violated; defendants have conspired to violate his Eighth Amendment rights; and defendants have conspired to deny him access to the courts.

## II.   SCREENING

Because Mr. Hines is proceeding *in forma pauperis* and has sued governmental officials, the Court has a duty to screen the Complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. See 28 U.S.C. §§ 1915A(a), (b), 1915(e)(2)(B).

Courts are also charged with the duty to examine issues involving jurisdiction and venue. As part of this review, a court, acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1545 (10th Cir. 1996) (interest of justice mandated a transfer of venue even without a § 1404(a) motion); *see also Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006) ("A court may sua sponte cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes . . . when it is in the interests of justice.").

### III. ANALYSIS

"Venue" is defined by federal law as "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general[.]" 28 U.S.C. § 1390(a). In this civil case, venue is proper "in a judicial district in which any defendant resides," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(1), (2).

Venue in this case would be proper in either of two federal district courts. Because Plaintiff has named the Director of the ODOC as a defendant, venue is proper in this Court under § 1391(a). Under Oklahoma law, Oklahoma County "is the county of the official residence of the Department of Corrections[.]" *State ex rel. Dep't of Corr. v. Brock*, 513 P.2d 1293, 1295 (Okla. 1973). Oklahoma County is one of the counties comprising this Court. 28 U.S.C. § 116(c).

But it is undeniable that the "events and omissions giving rise to this claim" occurred at OSP, located in McAlester, Oklahoma. McAlester is located in Pittsburg County, Oklahoma, one of the counties comprising the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Thus, venue is also proper in the Eastern District of Oklahoma, and Mr. Hines could have brought this action in that court.

Federal law allows a court to transfer a civil action "to any other district . . . where it might have been brought" when the transfer is in the interest of justice and "for the convenience of parties and witnesses[.]" 28 U.S.C. § 1404(a). In this case all of the defendants except the Director of the ODOC are employed at OSP, and all the alleged

constitutional violations occurred while Mr. Hines was housed at OSP. Documents and witnesses are obviously more accessible there, and the connection to Mr. Hines' action is greater in the Eastern District of Oklahoma than it is in this Court.

## RECOMMENDATION

It is therefore recommended that this case be transferred, in the interest of justice and for the convenience of the parties, to the United States District Court for the Eastern District of Oklahoma.[2] In light of this recommendation, Plaintiff's Motion for Temporary Restraining Order (ECF No. 3), Motion for Temporary Injunction (ECF No. 8) and Motion to Amend Civil Rights Complaint (ECF No. 12) should be addressed by the United States District Court for the Eastern District of Oklahoma.

Mr. Hines is advised of his right to object to this Report and Recommendation on or before **July 5, 2019**. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on June 18, 2019.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

---

[2] A similar recommendation was made by another Magistrate Judge in another of Mr. Hines' cases pending before this Court. See *Hines v. Allbaugh*, CIV-19-529-R, (ECF No. 6).