IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**THURMAN HARVEY HINES,**

              Plaintiff,

v.                                                                  Case No. 19-CV-214-JFH-JAR

**JOE ALLBAUGH, et al.,**

              Defendants.

**OPINION AND ORDER**

      Plaintiff Thurman Harvey Hines ("Hines") is a pro se former prisoner who was in the custody of the Oklahoma Department of Corrections ("DOC"). He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. The defendants are: Joe Allbaugh, DOC Director; Mike Carpenter, OSP Interim Warden; Sherry Day, OSP Law Library Supervisor; Susan Channon, OSP Case Manager; Tommy Sharp, OSP Interim Warden; Angela Kenworth, OSP Property Supervisor; Nanci Battles, OSP Grievance Coordinator; Scott Crowe, DOC Interim Director; Tommy Williams, OSP Official; Margaret Green, OSP Unit Manager; Lisa Williams, OSP Case Manager; Jerry Perry, OSP Unit Manager; Ms. FNU Polk, OSP Law Library Supervisor; and Mr. FNU Renkins, OSP Deputy Warden. Dkt. No. 26 at 3-4, 9-10.

      The Court has before it for consideration Hines' amended complaint [Dkt. No. 26] and Defendants' motion to dismiss or for summary judgment [Dkt. No. 80].

**Hines' Allegations**

      Hines raises eight (8) claims for relief, which are summarized below:

Claim 1:  Defendants violated Hines' Eighth Amendment rights when they failed to protect him by providing him a single cell because of his status as a gay sex offender.

Claim 2:  Defendants violated Hines' First and Fourteenth Amendment rights when they issued him a misconduct report as retaliation for complaining about denial of cleaning supplies and access to the courts.

Claim 3:  Defendants denied cleaning supplies, sanitary housing conditions, clothing, and clean laundry, in violation of Hines' Eighth Amendment rights.

Claim 4: Defendants violated Hines' Fourteenth Amendment rights when they reclassified him as a maximum security inmate following a misconduct report.

Claim 5: Defendants violated Hines' Eighth Amendment rights when they classified him as a maximum security inmate and denied him indigent supplies.

Claim 6:  Defendants violated Hines' First Amendment rights when they denied him relief in a Request to Staff and gave him a false misconduct for complaining about his housing assignment.  Hines also did not receive paper, pens, and copies.

Claim 7:  Defendants violated Hines' First and Eighth Amendment rights when they failed to discipline prison staff for mistreating him.

Claim 8:  Defendants violated Hines' Fourteenth Amendment due process and equal protection rights when they failed to change his housing assignment to protect him as a sex offender and gay inmate.

Dkt. No. 26 at 5-6, 11-12.

**Hines' Failure to Respond to Defendants' Motion**

On December 20, 2020, Defendants filed a motion to dismiss or for summary judgment. Dkt. No. 80. On January 11, 2021, Hines filed a motion for extension of time to respond to the motion, alleging he did not receive the motion and the special report until four days before his response was due. Dkt. No. 81. Hines' motion was granted on the day it was filed. Dkt. No. 82. On February 11, 2021, Hines filed a second motion for extension of time until February 21, 2019, to respond to Defendants' motion, claiming he had limited legal resources because of COVID-19. Dkt. No. 83. His second motion was granted on February 28, 2021, with a motion response date of March 11, 2021. Dkt. No. 84.

On April 2, 2021, Hines filed a third motion for extension of time to respond to Defendants' motion, asserting he had been in a hit-and-run automobile accident that caused his right big toe to be bruised and eventually infected. Dkt. No. 85. He asserted he had to stop all work because of his severe pain, his inability to walk, and the possibility of losing his toe. *Id.* at 2. He also claimed that an improper address had caused mailed to be returned to his home address. *Id.* He requested an additional extension until March 29, 2021, which actually was before the third motion for extension was filed on April 2, 2021. *Id.* Hines' extension was granted until April 26, 2021. Dkt. 86.

With no response having been filed, on January 7, 2022, the Court directed Hines to show cause in writing by January 21, 2022, why Defendants' motion to dismiss or for summary judgment should not be granted. Dkt. No. 87. Pursuant to Local Civil Rule 7.1(g), Hines was warned that failure to show cause as directed would result in the dismissal of this action. *Id.*

In response to the Court's Order, Hines filed yet another motion for extension of time, this time asking to have the deadline to respond to the show-cause order extended to February 21, 2022, because the letter (presumably from the Court) had been mailed to his brother. Dkt. No. 88. Hines claimed he was not equipped to address legal matter in a timely manner, because he has diabetes with physical and mental special needs. *Id.* at 2. The Court extended his deadline to the requested date. Dkt. No. 89.

Finally, on March 1, 2022, Hines filed his response to the show-cause order, listing the following reasons why Defendants' motion should not be granted:

1. There are Eye Witness that can provide affidavits of what they have seen and heard to each and every incident that has occured between the Plaintiff and defendants--Inmates and staff.

2. To dismiss this case without Eye Witness testimony that will coabouate with the evidence would be prejudice.

3. Plaintiff need time to located these witnesses to provide Affidavits to the Court to examine to support the truth of the matter at hand.

4. Wherefore upon the premises considered the Plaintiff with duly Respect and honor before this Court humbly request that the Court do do Not grant defendants Motion to Dismiss & Summary Judgement. . . . .

Dkt. No. 90 at 2-3 (spelling and syntax in original).

After careful review, the Court concludes Hines has failed to comply with the Order entered on January 7, 2022. Dkt. No. 87. This Court's Local Civil Rule 7.1(g) allows that "the Court may in its discretion provide an additional fourteen (14) days for the opposing party to show cause why the motion should not be granted, after which the case will be dismissed or the motion will be deemed confessed, as appropriate." Here, the time extensions have far exceeded this length of time, and Hines still has not responded to the merits of Defendants' motion to dismiss or for

4

summary judgment. For these reasons, Defendants' motion to dismiss is GRANTED for Hines' failure to respond to the motion as directed. *See also* Fed. R. Civ. P. 41(b) (authorizing dismissal for failure to prosecute or comply with an order of the Court).

THEREFORE IT IS HEREBY ORDERED that this action is DISMISSED WITHOUT PREJUDICE.

Dated this 27th day of September 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE